# United States District Court

for the

## Northern District of New York

### Request for Summons and
### Modification of the Conditions or Term of Supervision

Name of Offender:   Andrew Bradshaw      Case Number:   5:96-CR-22-025

Name of Sentencing Judicial Officer:   Honorable Rosemary Pooler: transferred to the Honorable Frederick J. Scullin, Jr. Senior U.S. District Judge

Date of Original Sentence:   April 17, 1998

Original Offense:   Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine and Cocaine Base, 21 U.S.C. § 846

Original Sentence:   121 months imprisonment and 4 years supervised release

Type of Supervision:   Supervised Release    Date Supervision Commenced:   June 10, 2005

---

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

On April 17, 1998, Bradshaw was sentenced to 121 months imprisonment and 4 years supervised release.  The offender was a seller in the Dewayne Comer's drug distribution organization.   The offender purchased ounce quantities of cocaine base from Comer and other co-conspirators and then he distributed the drug in gram quantities.  The offender's involvement in the conspiracy involved 584 grams of cocaine base and 85 grams of cocaine.

On January 20, 2005, the offender was released from imprisonment to the Syracuse Pavilion Community Corrections Center (CCC) to complete his sentence.  On February 14, 2005, the offender was returned to the Bureau of Prisons from the Syracuse Pavilion as a result of multiple violations.  According to the CCC staff, Bradshaw failed to obtain full-time employment, ignored a staff request, and was unable to explain his whereabouts after leaving a job site.  The offender was returned to a BOP facility until his release on June 10, 2005.

In late July 2005, the offender secured part-time employment at Valvoline Instant Oil Change.  The offender worked 12 - 16 hours per week.  He was instructed by the probation officer to increase the hours to full time employment, but the offender failed to follow the directive.  On January 19, 2006, the offender stopped reporting to work as a result of alleged neck problems.  Bradshaw failed to provide any medical documentation to this effect and failed to notify this office of his intention to stop the employment in violation of his conditions of supervision.  On February 7, 2006, the offender reported working full time for a company by the name of Vector.  When this officer attempted to confirm employment, the telephone number was disconnected and the offender was unable to provide any employment verification.

On September 20, 2005, the U.S. Probation Office submitted a request to modify the conditions of

supervision to include 30 hours of community service as a sanction for the offender's failure to obey local traffic laws. The Court agreed with the modification and Bradshaw was directed to complete the 30 hours of community service by December 31, 2005. Bradshaw failed to follow the directive. On February 7, 2006, Bradshaw was questioned about the community service hours and reported he had a balance of 5.5 hours to complete and would complete the hours no later than February 12, 2006. On April 20, 2006, this officer spoke to the community service coordinator who stated Bradshaw completed only 20.75 hours and has not made any further attempts to complete the hours. Bradshaw was confronted with this information and he maintains he completed the hours, but never contacted the community service coordinator to verify the total or to pay the community service fees. He was given until June 6, 2006 to complete the hours and provide documentation of completion. As of June 12, 2006, Bradshaw has failed to complete the hours and provide documentation of the completion.

On February 22, 2006, officers conducted a home visit at the offender's residence. Upon arrival, officers discovered the offender's brother and co-defendant Tywan Gregory was also residing in the home. Gregory was on home confinement under the Bureau of Prisons. Officers spoke to Gregory who reported the offender did not reside in the house and he was not certain of his whereabouts. This officer spoke to the offender's mother who reported Bradshaw stays in the house on occasion, but also had a secondary address. She stated the offender needed to find his own place since Gregory was residing there. This office had no knowledge the offender had a secondary residence.

Bradshaw failed to provided evidence of legal employment since January 19, 2006. On April 24, 2006, Bradshaw started employment at Mento Produce Co, Inc. The offender worked 34.22 hours and started to complain of knee pain and advised his supervisor he was unable to perform the job duties. The employer recommended Bradshaw seek medical attention, but was unable to assign him to work due to his inability or unwillingness to perform the job duties. Bradshaw is not under medical care for the knee problem and has not submitted a valid medical excuse for his lack of employment.

It appears the offender has problems maintaining employment. He wishes to work as a music producer and reports he owns a company by the name of U N I entertainment Promotion, but the company does not have an established clientele, business plan, or a recognized accounting procedure. It appears this activity is more of a hobby than employment.

At this time, this office respectfully requests the Court modify the conditions of supervision to include a six month placement at a Community Corrections Center (CCC). Although, the offender was not successful at the CCC while in the Bureau of Prisons, this office believes the increased monitoring will afford the offender an opportunity to become compliant. The defendant does not agree with this office's recommendation and has requested this issue be reviewed by the Court.

If the Court chooses to issue a summons, Bradshaw is currently residing at 229 Bruce Street Syracuse, New York, 13224. If you have any questions or require further information, please contact me at (315)234-8742.

Request for Summons and Modification of the Conditions or Term of Supervision
**Andrew Bradshaw**
Prob 12X(6/05)

5:96-CR-22-025
Page: 3

Respectfully submitted,

PAUL W. DeFELICE
Chief U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.
Executed on:   June 14, 2006

Approved by:

**LORI ALBRIGHT**
Supervising U.S. Probation Officer

by

**LIANA SNYDER**
U.S. Probation Officer

**THE COURT ORDERS:**

☐ No Action.
☑ The issuance of a summons.
☐ Other: _____

_____
_____
_____

Signature of Judicial Officer

7/6/06
Date