# United States District Court
for the
Northern District of New York

## AMENDED Request for Summons and
## Modification of the Conditions or Term of Supervision

Name of Offender: __Andrew Bradshaw__    Case Number: __5:96-CR-22-025__
Name of Sentencing Judicial Officer: __Honorable Rosemary Pooler; transferred to the Honorable Frederick J. Scullin, Jr. Senior U.S. District Judge__
Date of Original Sentence: __April 17, 1998__
Original Offense: __Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine and Cocaine Base, 21 U.S.C. § 846__
Original Sentence: __121 months imprisonment and 4 years supervised release__
Type of Supervision: __Supervised Release__    Date Supervision Commenced: __June 10, 2005__

## PETITIONING THE COURT

On April 17, 1998, Bradshaw was sentenced to 121 months imprisonment and 4 years supervised release. The offender was a seller in the Dewayne Comer's drug distribution organization. The offender purchased ounce quantities of cocaine base from Comer and other co-conspirators and then he distributed the drug in gram quantities. The offender's involvement in the conspiracy involved 584 grams of cocaine base and 85 grams of cocaine.

On January 20, 2005, the offender was released from imprisonment to the Syracuse Pavilion Community Corrections Center (CCC) to complete his sentence. On February 14, 2005, the offender was returned to the Bureau of Prisons from the Syracuse Pavilion as a result of multiple violations. According to the CCC staff, Bradshaw failed to obtain full-time employment, ignored a staff request, and was unable to explain his whereabouts after leaving a job site. The offender was returned to a BOP facility until his release on June 10, 2005.

In late July 2005, the offender secured part-time employment at Valvoline Instant Oil Change. The offender worked 12 - 16 hours per week. He was instructed by the probation officer to increase the hours to full time employment, but the offender failed to follow the directive. On January 19, 2006, the offender stopped reporting to work as a result of alleged neck problems. Bradshaw failed to provide any medical documentation to this effect and failed to notify this office of his intention to stop the employment in violation of his conditions of supervision. On February 7, 2006, the offender reported working full time for a company by the name of Vector. When this officer attempted to confirm employment, the telephone number was disconnected and the offender was unable to provide any employment verification.

On September 20, 2005, the U.S. Probation Office submitted a request to modify the conditions of supervision to include 30 hours of community service as a sanction for the offender's failure to obey local traffic laws. The Court agreed with the modification and Bradshaw was directed to complete

the 30 hours of community service by December 31, 2005. Bradshaw failed to follow the directive. On February 7, 2006, Bradshaw was questioned about the community service hours and reported he had a balance of 5.5 hours to complete and would complete the hours no later than February 12, 2006. On April 20, 2006, this officer spoke to the community service coordinator who stated Bradshaw completed only 20.75 hours and has not made any further attempts to complete the hours. Bradshaw was confronted with this information and maintained he completed the hours. After further review of the records at the Salvation Army, it was determined Bradshaw completed the 30 hours of community service on February 24, 2006.

On February 22, 2006, officers conducted a home visit at the offender's residence. Upon arrival, officers discovered the offender's brother and co-defendant Tywan Gregory was also residing in the home. Gregory was on home confinement under the Bureau of Prisons. Officers spoke to Gregory who reported the offender did not reside in the house and he was not certain of his whereabouts. This officer spoke to the offender's mother who reported Bradshaw stays in the house on occasion, but also had a secondary address. She stated the offender needed to find his own place since Gregory was residing there. This office had no knowledge the offender had a secondary residence.

Bradshaw failed to provided evidence of legal full time employment from January 19, 2006 until June 14, 2006 with the exception of 34.22 hours of work during the month of April, 2006. On April 24, 2006, Bradshaw started employment at Mento Produce Co, Inc. The offender worked 34.22 hours and started to complain of knee pain and advised his supervisor he was unable to perform the job duties. The employer recommended Bradshaw seek medical attention, but was unable to assign him to work due to his inability or unwillingness to perform the job duties. Bradshaw is not under medical care for the knee problem and has not submitted a valid medical excuse for his lack of employment.

On June 23, 2006, Bradshaw received a check for $10.60 for work completed for 2020 Companies. According to the employer, Bradshaw was hired after completing a background check and a drug test to work as a sales representative for Verizon. He was in charge of door to door sales for Verizon internet services. The employer would not provide pay stubs showing the number of hours worked, wages and tax deductions as the work was to be completed on commission basis and he would received a check with the total earnings.

On July 6, 2006, the offender appeared in Court to answer for his failure to maintain employment, failure to complete community service, and failure to notify this office of change in address. The Court addressed the violations and ordered Bradshaw's conditions of supervision be modified to include 6 months at a Community Correction Center, provide the probation officer with access to any financial information, and work regularly at a lawful occupation. The Court warned Bradshaw that continued violations will result in incarceration for as long as the Court was able to sentence him.

On July 27, 2006, Bradshaw was directed to report to the Syracuse Pavilion by 2:30 PM, which he did. During the admission a meeting was held, present at the meeting was staff of the Syracuse Pavilion, Supervising U.S. Probation Officer Lori Albright, and the offender. During the meeting, Bradshaw was strongly encouraged to follow the rules of the facility and was advised of possible consequences for failure to follow the directives. Bradshaw verbalized that he did not want to be

Case 5:96-cr-00022-NAM   Document 1317   Filed 08/30/06   Page 3 of 4

Request for Summons and Modification of the Conditions or Term of Supervision
Andrew Bradshaw                                                                                                   5:96-CR-22-025
Prob12D(6/05)                                                                                                          Page: 3

there and was not sure he was going to stay. He did not bring any clothing or personal items to the facility because he was not sure if he was staying. Bradshaw decided to stay and the admission was completed.

On August 14, 2006, the Syracuse Pavilion processed an incident report for failure to be employed within the required time frame (15 days). According to the program director Susan Fennessy, Bradshaw appeared to be waiting for a promised position with 2020 Companies starting on August 21, 2006. The manager at 2020 Companies was contacted and the official offer could not be confirmed by the employer until on or about August 20, 2006 because it would be a newly created position and was pending approval from the company management. Bradshaw was encouraged to contact a temporary service agency to initiate work in the event the employer did not create the position as promised. Bradshaw appeared to be ignoring the direction of the halfway house staff. On August 16, 2006, the offender finally secured temporary employment after the program director personally made the appointment at CNY Outsourcing and directed him to go to work.

On August 17, 2006, this officer reported to the Syracuse Pavilion for the schedule hearing and the program director advised this officer the hearing was suspended to allow Bradshaw to continue to work. Facility Manager Colby Sutter and this officer met with Bradshaw to encourage him to maintain employment and if he was offered an acceptable position with 2020 Companies, this office will approved the transfer. At this time, the offender indicated that he has been attempting to contact stenographer Jodi Hibbard to obtain the transcripts of his Court appearance of August 14, 2006. Bradshaw stated that he does not agree with the sentence imposed by the Court and believes he did not received proper representation. He stated his intention was to represent himself during the hearing because he did not want attorney Raymond Dague to represent him. According to Bradshaw he advised his attorney of his desire represent to himself, but was ignored. The offender is requesting a Court appearance to address the Court.

If the Court chooses to issue a summons, Bradshaw is currently residing at the Syracuse Pavilion, 701 Erie Boulevard East, Syracuse, New York, 13210. If you have any questions or require further information, please contact me at (315)234-8742.

Respectfully submitted,

PAUL W. DeFELICE
Chief U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 28, 2006

Approved by:

LORI ALBRIGHT
Supervising U.S. Probation Officer

by

LIANA SNYDER
U.S. Probation Officer

Request for Summons and Modification of the Conditions or Term of Supervision
Andrew Bradshaw
Prob12D(6/05)

5:96-CR-22-025
Page: 4

THE COURT ORDERS:

☐ No Action.
☑ The issuance of a summons.
☐ Other: _____

_____
Signature of Judicial Officer

8/30/06
Date